**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LOGAN MATHYS,**

**Plaintiff,**

**v.**

**THE HONORABLE JACOB A ESTES, *et al.*,**

**Defendants.**

**Case No. 2:26-cv-0599**
**Judge James L. Graham**
**Magistrate Judge S. Courter M. Shimeall**

**REPORT & RECOMMENDATION**

On May 20, 2026, the Court issued a Notice of Deficiency and Order (ECF No. 2) ordering *pro se* Plaintiff to either pay the $405 filing fee or submit a completed IFP Application form to the Clerk of Court within thirty days. (ECF No. 2.) The Court cautioned Plaintiff that failure to respond to the Court's May 20, 2026, Order would result in dismissal of his case. (*Id.*) Then, after Plaintiff informed the Court that the Court's Notice of Deficiency and Order were sent to a third-party, the Court re-mailed the Notice of Deficiency and Order to Plaintiff and extended his deadline to comply with that Order to July 2, 2026. (ECF No. 4.) The Court again cautioned Plaintiff that failure to comply would result in dismissal of his case. (*Id.*)

Plaintiff appealed (ECF No. 8), and the Court stayed Plaintiff's deadline to comply with the deficiency order pending the outcome of that appeal (ECF No. 12). After the Sixth Circuit dismissed Plaintiff's first appeal, the Court lifted the stay and ordered Plaintiff to comply with the deficiency order. (ECF No. 12.) Plaintiff objected. (ECF No. 13.) On August 5, 2026, the District Judge overruled that objection and ordered Plaintiff to either pay the $405 filing fee or submit a completed IFP Application form to the Clerk of Court. (ECF No. 15.) The District Judge

cautioned Plaintiff for a third time that failure to comply would result in dismissal of his case. (*Id.*) Plaintiff appealed that Order. (ECF No. 16.)

The Sixth Circuit dismissed Plaintiff's second appeal, and cautioned that "he may not subvert the deficiency order of the district court by filing a notice of appeal rather than paying the filing fee or completing an in forma pauperis application as directed." (ECF No. 19, PAGEID #: 135.) Accordingly, on October 13, 2026, the Court ordered Plaintiff to comply with the Court's August 5, 2026, Order by either paying the $405 filing fee or submitting a completed IFP Application form to the Clerk by October 27, 2026. (Oct. 13 Order, ECF No. 20.)

To date, Plaintiff has failed to respond to the Court's Oct. 13 Order.

Under these circumstances, the Undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962)). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff has failed to respond to the Court's Oct. 13 Order instructing him to comply with the Court's August 5, 2026, Order by either paying the $405 filing fee or submitting a completed IFP Application form to the Clerk. The Court cautioned Plaintiff multiple times that failure to pay the $405 filing fee or submit a completed IFP Application form to the Clerk would result in dismissal of this case. (ECF No. 2, 4, 15); s*ee Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear Order of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed this deadline and disregarded the Court's Order, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**